Mr. Andy Davis Arkansas Democrat-Gazette Capitol and Scott Streets Post Office Box 2221 Little Rock, Arkansas 72203-2221
Dear Mr. Davis,
You have requested my opinion concerning a denial of your request for certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101 — 110 (Repl. 2002 and Supp. 2009). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
As related in your letter to my office, you submitted a FOIA request to the City of Quitman for correspondence related to the retirement of the City's Recorder-Treasurer, as well as records relating to her `"retiring'/going off the city payroll and going back on the city payroll." The City has provisionally denied your request on the basis that "[r]etirement records and records related to retirement are not records subject to disclosure under A.C.A. § 25-19-103(5)(A)."[1]
Counsel for the City further stated that "[e]ven after having attempted to strip out the protected records, what appears to be remaining in your request are records that directly relate to and are integral to [the Recorder-Treasurer's] retirement. Therefore, your entire request is respectfully denied at this time."[2] *Page 2 
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to state whether the decision of the custodian of records is consistent with the FOIA. In my opinion, a blanket denial of access to records kept by a city relating to the retirement of a public official is in all likelihood inconsistent with the FOIA. The FOIA does not provide a blanket exemption for retirement-related records maintained by a city. It is possible that the records contain information that must be deleted prior to release, based on the test discussed below pertaining to "personnel records." Not having seen any of the records at issue, however, I cannot opine on whether any specific redactions are needed. I can only set out the legal standard the custodian must apply in making this determination.
The FOIA provides for the disclosure upon request of certain "public records," which are defined as follows:
 `Public records' means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[3]
Given that the records at issue are kept by the City of Quitman and the subject matter involves a City official's termination of covered employment for retirement purposes, I believe the records clearly qualify as "public records" under this definition.[4] Accordingly, they can only be withheld if an exception prohibits their disclosure. As one of my predecessors noted: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the *Page 3 
FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."[5]
The only relevant exemption in this instance appears to be the one for "personnel records."[6] Although I have not seen the requested records, I have previously assumed with regard to a virtually identical request for retirement-related records that the records constituted "personnel records" under the FOIA.[7] This approach is consistent with previous opinions of this office concerning records reflecting retirement information pertaining to an individual officer or employee.[8]
In my opinion, the City is incorrect in stating that retirement-related records "are not records subject to disclosure under A.C.A. § 25-19-103(5)(A)."[9] I find no support for this broad-based denial of access to records that are kept by a municipality and that relate to the retirement of a public officer or employee.[10]
To the contrary, a blanket denial of access to personnel records is usually contrary to *Page 4 
the FOIA.[11] Instead, any exempt information (information the disclosure of which would constitute a "clearly unwarranted invasion of personal privacy") should be deleted and the remainder of the personnel records made available for inspection and copying.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed it. As I explained in the enclosed Opinion 2009-215:
 To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure.
 To aid in conducting the balancing test, the court in Young elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus privacy interest. Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id., 826 S.W.2d at 255.
 Because all FOIA exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. E.g., Stilley v. McBride, 332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998); Op. Att'y Gen. 2009-077. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis *Page 5 
because the test is objective. E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
Because I have not been provided with copies of the requested records, I cannot definitively opine about the releasability of any specific document or the need to redact any specific piece of information from an otherwise releasable document. The question of whether redaction is required when applying this test is a question of fact in each case.[12] I will note generally, however, that the public undoubtedly has a significant interest in knowing whether a public official has effectively "terminate[d] covered employment" so as to be eligible for benefits under the relevant retirement law.[13] The City must bear this interest in mind when evaluating the requested records. The City should also be aware of the Arkansas Supreme Court's pronouncement inYoung, supra, that a "substantial" public interest in personnel records will ordinarily outweigh an individual privacy interest:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)[12] requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)[12] allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.[14]
Additionally, I believe it is beyond question that city payroll records reflecting basic employment information, including the date(s) of separation from or return to employment, are subject to disclosure under the relevant balancing test.[15] It *Page 6 
should also be recognized, however, that the balance most often tips in favor of the individual's privacy interest in the case of records containing intimate financial details, such as payroll deductions.[16]
I do not know whether the requested retirement or payroll-related records contain this type of personal financial information. But the City should be aware of the possible need to redact data of this nature from otherwise releasable personnel records.
In sum, the FOIA provides an exemption for personnel records, but only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." Accordingly, it is my opinion that a blanket denial of access to such records — in this instance, personnel records kept by a city relating to the retirement of a public official — is generally inconsistent with the FOIA. Instead, the necessary balancing test must be applied to determine whether certain information must be deleted prior to the records' release.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Letter from Joseph B. Marshall, Quitman City Attorney, to Andy Davis (November 24, 2010). The City Attorney recently wrote to my office stating that your request has not been "denied," and explaining that he is in the process of complying and will appreciate guidance from my office in this respect.
[2] Id.
[3] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[4] Compare Op. Att'y Gen. 97-331 (regarding a request for pension records of two former mayors of the City of Pine Bluff).
[5] Op. Att'y Gen. 99-305; see also Arkansas Gazette Company v.Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990).
[6] "Personnel records" are exempt from public disclosure "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[7] Op. Att'y Gen. 2009-215 (copy enclosed).
[8] E.g., Op. Att'y Gen. Nos. 2005-041, 2002-043, 97-331; seealso Op. Att'y Gen. 2004-003 (opining that records pertaining to elected officials constitute "personnel records" within the meaning of subsection 25-19-105(c)(3)).
[9] Letter, supra n. 1.
[10] The precise basis for the City's refusal to provide the requested records is unclear. In the enclosed Opinion 2009-215, however, I addressed the question of whether A.C.A. § 24-4-1003 (Supp. 2009) might justify Lonoke County's withholding of records in response to a FOIA request virtually identical to yours. This Code section protects "individual member's records" kept by a public retirement system.See Op. Att'y Gen. 2009-157. I do not know whether section 24-4-1003 factored into the City's decision to withhold the requested records, but I concluded in Opinion 2009-215 that this Code section was not a proper basis for nondisclosure:
 [I]n my opinion, section 24-4-1003 cannot justify withholding personnel records. Section 24-4-1003 exempts from disclosure a specific subset of public records. Because all FOIA exemptions are narrowly construed, [footnote omitted], section 24-4-1003's exemption cannot be extended to cover records not explicitly covered by its terms. The custodian, in my opinion, cannot refuse to disclose personnel records based on the `spirit and intent' of section 24-4-1003.
[11] Op. Att'y Gen. 2007-258 (citing Op. Att'y Gen. 93-300).
[12] Op. Att'y Gen. 2005-095 (citing Op. Att'y Gen. 2002-006).
[13] A.C.A. § 24-4-520 (regarding eligibility for benefits under the Arkansas Public Employees' Retirement System).
[14] 308 Ark. at 597.
[15] Cf. Op. Att'y Gen. 2010-099 (listing the types of documents that are generally subject to release under the personnel records' test, including "payroll forms documenting leaves of absence; documents related to any compensation a former employee receives in addition to their regular paycheck; contracts or agreements related to an employee's separation from employment").
[16] See, e.g., Op. Att'y Gen. 2003-320 (and opinions cited therein). *Page 1